RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: 833-729-5529
Facsimile: 833-972-9546
E-mail: ray@raykimlaw.com

*Attorneys for Plaintiffs*
*Randall Harris and Nichole Harris*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| Randall Harris and Nichole Harris,<br><br>Plaintiffs,<br><br>vs.<br><br>Broker Solutions, Inc., d/b/a New American Funding, and DOES 1-10.<br><br>Defendants. | Case No.: _______________<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Plaintiffs Randall Harris and Nichole Harris ("Plaintiffs"), individuals, bring this Complaint against defendant Broker Solutions, Inc., d/b/a New American Funding ("NAF"), and allege as follows:

**SUMMARY OF ACTION**

1. Plaintiffs bring this action for damages and other legal and equitable remedies, resulting from the illegal actions of NAF in submitting inaccurate information to consumer reporting agencies by persistently reporting past due payments on Plaintiffs' personal home mortgage loan that ultimately resulted in Plaintiffs' sale of the subject property, and thereafter failing to undertake reasonable investigations of Plaintiffs' written dispute letters and also failing to update/modify/delete inaccurate information.

2. In so doing, NAF has violated the federal Fair Credit Reporting Act ("FCRA"), codified at 15 U.S.C. §§ 1681, *et seq*., and the California Consumer Credit Reporting Agencies Act ("CCRAA"), codified at Calif. Civ. Code § 1785.25(a).

**THE PARTIES**

3. Plaintiffs are individuals residing in the State of California, San Bernardino County. Plaintiffs were the owners of residential property located at 1520 W. Evans Street, San Bernardino, California 92411 (the "Property").

4. Defendant Broker Solutions, Inc., d/b/a New American Funding ("NAF") is a residential mortgage lender and servicer with headquarters located at 14511 Myford Road, Suite 100, Tustin, California 92780. NAF was the lender and servicer for Plaintiffs' mortgage loan on the Property.

5. Doe Defendants 1-10 are the other credit reporting agencies, individuals, and servicers who inaccurately reported Plaintiffs' mortgage loan for the Property or failed to conduct a reasonable investigation into Plaintiffs' credit reporting disputes.

///

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

**JURISDICTION AND VENUE**

6. This is an action brought under 15 U.S.C. § 1681n and § 1681o of the FCRA. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

7. NAF is headquartered in and regularly conducts business within the State of California, County of Orange, which means personal jurisdiction is established.

8. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because NAF resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

**STATEMENT OF FACTS**

9. In September 2013, Plaintiffs obtained a residential mortgage loan from NAF for the Property (the "Loan"). The Property was Plaintiffs' very first home purchase, and Plaintiffs were the first in their respective families to buy a home. Plaintiffs were very proud of their accomplishment, and outside of their family, they put their home above everything else.

10. Plaintiffs placed great importance on owning a home, and diligently paid the mortgage every month. Despite Plaintiffs' diligent payments, NAF failed to properly credit the payments, wrongfully claimed that the Loan was past due, and improperly reported to credit bureaus that Plaintiffs were past due on the Loan. NAF also made improper collection attempts and repeatedly threatened to foreclose on the Property if Plaintiffs did not make a payment. Plaintiffs attempted to resolve NAF's errors, but NAF continued to misapply payments, falsely report the Loan as past due, and threaten foreclosure. As a result, in order to find a new lender who would properly service the Loan and free themselves from NAF, Plaintiffs attempted to refinance the Loan with a different lender.

11. However, Plaintiffs were unable to find a lender willing to refinance the Loan due to NAF's inaccurate credit reporting, which made it appear as though

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Plaintiffs had repeatedly failed to make timely payments on the Loan and were a credit risk.

12. Notwithstanding their diligent payments, in fear of foreclosure and having their precious home ripped away by NAF, Plaintiffs sold the Property in or around April 2019. Plaintiffs were unable to immediately finance the purchase of another home due to NAF's inaccurate reporting on the Loan, which significantly lowered his credit score and eligibility for a home loan. Plaintiffs were forced to rent a bedroom in their grandmother's home with their three children. These events put immense strain on Plaintiffs and their family, and caused them significant heartache, embarrassment, loss of sleep, feelings of helplessness, and severe emotional distress.

13. Plaintiffs rented the bedroom for over a year, and were unable to continue building equity in the Property. In late 2020, Plaintiffs searched for a new home to purchase. Once again, Plaintiffs faced difficulty finding a lender to finance the purchase of a new home because of the inaccurate, derogatory information being reported by NAF about the Loan. Ultimately, Plaintiffs were able to obtain a loan, but were subject to a substantially higher interest rate than the rate they would have obtained had NAF accurately reported the payment history of the Loan. Plaintiffs were also subject to higher interest rates on their vehicle finance agreements and other loans.

**<u>FIRST CAUSE OF ACTION</u>**

**FEDERAL FAIR CREDIT REPORTING ACT**

**15 U.S.C. §1681s-2(b)**

14. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein. As the furnisher of information to credit reporting agencies, NAF is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency, pursuant to 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the FCRA:

> After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
>
> (A) conduct an investigation with respect to the disputed information;
>
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;
>
> (C) report the results of the investigation to the consumer reporting agency;
>
> (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
>
> (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—
>
> (i) modify that item of information;
>
> (ii) delete that item of information; or
>
> (iii) permanently block the reporting of that item of information.

15. Plaintiffs submitted written disputes to the consumer credit reporting agencies. On information and belief, as required by the FCRA, the consumer credit reporting agencies notified NAF about Plaintiffs' disputes.

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

16. Despite Plaintiffs' disputes explaining that they had made payments on the Loan and it should not be reported as past due, NAF repeatedly failed to update/modify/delete the inaccurate information.

17. Furthermore, it is clear that NAF has repeatedly failed to review the loan payment history, which means NAF has failed to undertake a reasonable investigation and re-investigation of Plaintiffs' dispute.

18. Consequently, NAF has violated multiple provisions of 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of the dispute, and by also failing to update/modify/delete inaccurate information.

19. Plaintiffs are informed and believe that NAF's violations of §1681s-2(b) were negligent at a minimum, because a reasonable person would have simply reviewed the Loan documents and payment history and determined that NAF's reporting on the Loan was inaccurate.

20. Plaintiffs are also informed and believes that NAF's violations of §1681s-2(b) were willful, in that it recklessly disregarded Plaintiffs' repeated disputes and the high degree of risk that their refusal to simply review the account documents would result in their verifying false and inaccurate information.

21. As a result of these negligent and willful violations, Plaintiffs have suffered actual damages as set forth in the Statement of Facts.

## <u>SECOND CAUSE OF ACTION</u>

## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## California Civil Code §1785.25

22. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

23. As the furnisher of information to credit reporting agencies, NAF is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required California Civil Code §

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1785.25(a) of the California CCRAA.

24. NAF has violated its obligations under Section 1785.25(a) of the CCRAA multiple times by reporting the false information that the Loan was past due for numerous months. Plaintiffs submitted disputes directly to NAF about the inaccurate reporting from at least 2019 to 2020.

25. Moreover, every month that NAF has continued to inaccurately report a past due payment is a separate and distinct action of furnishing credit reporting information, and each monthly update since 2015 is therefore a separate and distinct violation of California Civil Code § 1785.25(a).

26. NAF knew, or should have known, that the Loan was not past due and that Plaintiffs disputed the payment history, because a simple review of the Loan documents and payment history would show that Plaintiffs diligently made payments on the Loan.

27. Such false and inaccurate reporting has caused Plaintiffs actual damages as set forth in the Statement of Facts.

28. NAF's violations were negligent at a minimum, as a reasonable person would have known that the Loan payment history was not accurate.

29. Plaintiffs are informed and believe that NAF's violations were willful, in that NAF acted with such a high degree of risk of committing a legal violation that was higher than mere carelessness, because NAF need have only reviewed the Loan documents and payment history to know that the Loan was not past due. Plaintiffs are also informed and believe that NAF's violations were willful because Plaintiffs have specifically advised NAF of this fact multiple times in writing, and via telephone conversations, yet NAF has repeatedly advised Plaintiffs that it will not change the manner of its reporting.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against NAF, and Plaintiffs be awarded damages as follows

Ray Kim Law, APC
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071

1. Actual damages;

2. Plus punitive damages of $5,000.00 for each individual violation of the CCRAA, pursuant to California Civil Code § 1785.31(a)(2)(A)-(C);

3. Plus statutory damages of $1,000.00 for each individual violation of the FCRA, pursuant to 15 U.S.C. §1681n(a)(1)(A);

4. Plus punitive damages in an amount to be determined by a jury for willful violations of the FCRA, pursuant to 15 U.S.C. §1681n(a)(2);

5. Injunctive relief to order NAF to remove the false and inaccurate information from Plaintiffs' consumer credit reports and update the reporting on the Loan as reflecting no past due payment history, pursuant to California Civil Code § 1785.31(b); and

6. Reasonable attorney's fees and costs to bring and maintain the instant action.

**TRIAL BY JURY**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: May 20, 2022

RAY KIM LAW, APC

*/s/Raymond Y. Kim*
Raymond Y. Kim
*Attorneys for Plaintiffs*
*Randall Harris and Nichole Harris*