**James J. Ramos (SBN 252916)**
*jjramos@ww.law*
**WOLFE & WYMAN LLP**
2212 Dupont Drive
Irvine, CA 92612
Telephone: (949) 477-9200
Facsimile: (949) 475-9203

Attorneys for Defendant
BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDALL HARRIS and NICHOLE HARRIS,<br><br>    Plaintiffs,<br><br>v.<br><br>BROKER SOLUTIONS, INC., d/b/a/ NEW AMERICAN FUNDING, and DOES 1 -10,<br><br>    Defendants. | Case No.: 8:22-CV-01023 CJC (ADSx)<br><br>**ANSWER OF DEFENDANT BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING TO PLAINTIFFS' COMPLAINT** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendants **BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING ("BROKER SOLUTIONS"** or **"Defendant"**), in answer to the Complaint filed by Plaintiffs RANDALL HARRIS and NICHOLE HARRIS (collectively, **"Plaintiffs"**) as filed in the instant action, admits, denies and affirmatively alleges as follows:

## ANSWER

1. Answering paragraphs 1 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

2. Answering paragraphs 2 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

3. Answering paragraphs 3 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

4. Answering paragraphs 4 of the Complaint, Defendant admits the allegations contained therein.

5. Answering paragraphs 5 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

6. Answering paragraphs 6 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained

therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

7. Answering paragraphs 7 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

8. Answering paragraphs 8 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

9. Answering paragraphs 9 of the Complaint, Defendant admits that the subject loan was funded in or around September 2013. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

10. Answering paragraphs 10 of the Complaint, Defendant denies that it failed to properly credit payments, denies that it wrongfully claimed the subject loan was past due, and further denies that it improperly reported to credit bureaus. Defendant also denies that it made any improper collection attempts, denies that it misapplied any payments, denies that it falsely reported the subject loan as past due. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

11. Answering paragraphs 11 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained

4285445.1

therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

12. Answering paragraphs 12 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

13. Answering paragraphs 13 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

14. Answering paragraphs 14 of the Complaint, Defendant admits that the subject loan was funded in or around September 2013 but denies that it failed to properly credit payments, denies that it wrongfully claimed the subject loan was past due, and further denies that it improperly reported to credit bureaus. Defendant further denies that it made any improper collection attempts, denies that it misapplied any payments, denies that it falsely reported the subject loan as past due. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

15. Answering paragraphs 15 of the Complaint, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

16. Answering paragraphs 16 of the Complaint, Defendant denies that inaccurate reporting was made and that the subject loan should not have been reported as past due. With respect to the remaining allegations in this paragraph, Defendant

lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

17. Answering paragraphs 17 of the Complaint, Defendant denies that it failed to review the subject loan payment history and further denies that it failed to undertake a reasonable investigation. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

18. Answering paragraphs 18 of the Complaint, Defendant denies that it violated any laws, rules, or regulations in connection with the subject loan and further denies that it failed to conduct a reasonable investigation or provided any inaccurate information. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

19. Answering paragraphs 19 of the Complaint, Defendant denies that it violated any laws, rules, or regulations in connection with the subject loan and further denies that it acted negligently. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

20. Answering paragraphs 20 of the Complaint, Defendant denies that it violated any laws, rules, or regulations in connection with the subject loan and further denies that any false or inaccurate information was furnished. With respect to the

remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

21. Answering paragraphs 21 of the Complaint, Defendant denies that it engaged in any violations in connection with the subject loan. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

22. Answering paragraphs 22 of the Complaint, Defendant admits that the subject loan was funded in or around September 2013 but denies that it failed to properly credit payments, denies that it wrongfully claimed the subject loan was past due, and further denies that it improperly reported to credit bureaus. Defendant further denies that it made any improper collection attempts, denies that it misapplied any payments, denies that it falsely reported the subject loan as past due. Defendant also denies that it failed to review the subject loan payment history and further denies that it failed to undertake a reasonable investigation. Additionally, Defendant denies that it violated any laws, rules, or regulations in connection with the subject loan and further denies that it failed to conduct a reasonable investigation or provided any inaccurate information. Defendant also denies that it violated any laws, rules, or regulations in connection with the subject loan and further denies that it acted negligently. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

23. Answering paragraphs 23 of the Complaint, Defendant denies that it furnished any incomplete or inaccurate credit information. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

24. Answering paragraphs 24 of the Complaint, Defendant denies that it violated any laws, rules, or regulations in connection with the subject loan. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

25. Answering paragraphs 25 of the Complaint, Defendant denies that it violated any laws, rules, or regulations in connection with the subject loan. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

26. Answering paragraphs 26 of the Complaint, Defendant denies that the subject loan was not past due and further denies that Plaintiffs "diligently made payments on the Loan." With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

27. Answering paragraphs 27 of the Complaint, Defendant denies that it engaged in any false or inaccurate reporting. With respect to the remaining allegations

in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

28. Answering paragraphs 28 of the Complaint, Defendant denies that it violated any laws, rules, or regulations in connection with the subject loan and further denies that it acted negligently. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

29. Answering paragraphs 29 of the Complaint, Defendant denies that it violated any laws, rules, or regulations in connection with the subject loan and further denies that any false or inaccurate information was furnished. With respect to the remaining allegations in this paragraph, Defendant lacks sufficient information or belief to enable it to admit or deny the several allegations contained therein, and based on such lack of information or belief, denies generally and specifically, jointly and severally, each and every other allegation contained therein.

## AFFIRMATIVE DEFENSES

As and for affirmative defenses to the allegations and cause of action alleged in the Complaint herein, these Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State Facts Sufficient to Constitute a Cause of Action)**

1. As and for a first separate and affirmative defense to the Complaint, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action as against Defendant.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack Of Causation)**

2. As and for a zeroth separate and affirmative defense to the Complaint, Defendant alleges that Defendant was not the proximate cause of Plaintiffs' alleged harm.

**THIRD AFFIRMATIVE DEFENSE**

**(No Injury or Damages)**

3. As and for a third separate and affirmative defense to the Complaint, Defendant alleges that Plaintiffs are barred from any recovery herein as to Defendant in that Plaintiffs have not sustained any cognizable injury or damage as a result of Defendant's actions or conduct.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statute Of Frauds)**

4. As and for a fourth separate and affirmative defense to the Complaint, Defendant alleges that the subject contract violates the Statute of Frauds.

**FIFTH AFFIRMATIVE DEFENSE**

**(Doctrine Of Laches)**

5. As and for a fifth separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute Of Limitations)**

6. As and for a sixth separate and affirmative defense to the Complaint, Defendant alleges that Plaintiffs' claims are barred by the statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Accurate Reporting)**

7. As and for a seventh separate and affirmative defense to the Complaint, Defendant alleges that it did not furnish any inaccurate reporting.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

8. As and for an eighth separate and affirmative defense to the Complaint, Defendant alleges that, at all times, it acted in good faith.

## NINTH AFFIRMATIVE DEFENSE

### (Not a Debt Collector)

9. As and for a ninth separate and affirmative defense to the Complaint, Defendant alleges that it is not a debt collector.

## TENTH AFFIRMATIVE DEFENSE

### (No Prohibited Practices)

10. As and for a tenth separate and affirmative defense to the Complaint, Defendant alleges that it did not engage in any prohibited practices.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Actual Damages)

11. As and for an eleventh separate and affirmative defense to the Complaint, Defendant alleges that Plaintiffs did not suffer any actual damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Preemption)

12. As and for a twelfth separate and affirmative defense to the Complaint, Defendant alleges that Plaintiff's claims are preempted by federal law.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Reasonable Procedures)

13. As and for a thirteenth separate and affirmative defense to the Complaint, Defendant alleges that, at all relevant times, Defendant maintained reasonable procedures to comply with all provisions under the California Consumer Credit Reporting Agencies Act.

/ / /

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Additional Affirmative Defenses)

14. As and for a fourteenth separate and affirmative defense to the Complaint, and each cause of action thereof, whether considered separately or apart, this answering Defendant is informed, believes and, on that basis, alleges that it may have additional affirmative defenses available of which it is not fully aware at the present time. Defendant, therefore, reserves the right to assert additional affirmative defenses if/when the same have been ascertained.

## PRAYER

WHEREFORE, Defendant prays as follows:

1. That Plaintiffs take nothing by the Complaint as against Defendant;
2. For a judgment in favor of Defendant and against Plaintiffs;
3. For attorneys' fees as permitted by law;
4. For allowable litigation expenses and costs of suit incurred herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: June 24, 2022            WOLFE & WYMAN LLP

                                By:  /s/ James J. Ramos
                                     JAMES J. RAMOS
                                     Attorneys For Defendant
                                     **BROKER SOLUTIONS, INC., D/B/A NEW AMERICAN FUNDING**



# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        ) ss.
COUNTY OF ORANGE        )

I, Pamela Schuld, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2212 Dupont Drive, Irvine, California 92612-1525.

On June 24, 2022, I served the document(s) described as **ANSWER OF DEFENDANT BROKER SOLUTIONS, INC., d/b/a NEW AMERICAN FUNDING TO PLAINTIFFS' COMPLAINT** on all interested parties in said action by placing a true copy thereof in a sealed envelope addressed as stated on the ATTACHED SERVICE LIST.

☐ **BY MAIL**: as follows:

  ☒ **FEDERAL** – I deposited such envelope in the U.S. Mail at Irvine, California, with postage thereon fully prepaid.

☐ **BY ELECTRONIC MAIL SERVICE** as follows: I caused the following party(s) to be served the above listed document(s) by electronic mail service at the following email addresses to the party(ies) noted on the attached Service List:

☒ **BY ELECTRONIC MAIL** as follows: I hereby certify that I electronically transmitted the attached document(s) to the U.S. District Court using the CM/ECF System for filing, service and transmittal of Notice of Electronic Filing to the CM/ECF registrants for this case. Upon completion of the electronic transmission of said document(s), a receipt is issued to the serving party acknowledging receipt by ECF's system, which will be maintained with the original document(s) in our office**.**

☐ **BY CERTIFIED MAIL** as follows: I am "readily familiar" with Wolfe & Wyman LLP's practice for the collection and processing of correspondence for mailing with the United States Postal Service; such envelope will be deposited with the United States Postal Service on the above date in the ordinary course of business at the business address shown above; and such envelope was placed for collection and mailing, by Certified United States Mail, Return Receipt Requested, on the above date according to Wolfe & Wyman LLP's ordinary business practice.

☐ **BY PERSONAL SERVICE** as follows: I caused a copy of such document(s) to be delivered by hand to the offices of the addressee between the hours of 9:00 A.M. and 5:00 P.M.

☐ **BY OVERNIGHT COURIER SERVICE** as follows: I caused such envelope to be delivered by overnight courier service to the offices of the addressee. The envelope was deposited in or with a facility regularly maintained by the overnight courier service with delivery fees paid or provided for.

☐ **BY FACSIMILE** as follows: I caused such documents to be transmitted to the telephone number of the addressee listed on the attached service list, by use of facsimile machine telephone number. The facsimile machine used complied with California Rules of Court, Rule 2004 and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), a transmission record of the transmission was printed.

☒ **FEDERAL**  I declare that I am employed in the offices of a member of the State Bar of this Court at whose direction the service was made.

Executed on June 24, 2022, at Irvine, California.

*Pamela Schuld*

Pamela Schuld

**SERVICE LIST**
USDC Central / Case #8:22-cv-01023
Randall Harris & Nichole Harris v. Broker Solutions, Inc. dba New American Funding
W&W File No. 1932-014
[Revised: June 14, 2022]

| | |
|---|---|
| Raymond Y. Kim<br>RAY KIM LAW, APC<br>355 S. Grand Ave., Ste. 2450<br>Los Angeles, CA 90071 | **Counsel for Plaintiffs RANDALL HARRIS and NICHOLE HARRIS**<br><br>Tel: (833) 729-5529<br>Fax: (833) 972-9546<br><br>ray@raykimlaw.com |

4276391.1